UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS DISMUKE MURRAY, <br> Petitioner, <br> v. <br> CHARLES W. CALLAHAN, Warden <br> Respondent. | Case No. 16-cv-05640-HSG <br><br> **ORDER GRANTING MOTION TO DISMISS AND REQUIRING ELECTION BY PETITIONER** <br><br> Re: Dkt. No. 12 |

Petitioner, a state prisoner incarcerated at Chuckawalla Valley State Prison,[1] filed this action pursuant to 28 U.S.C. § 2254 to challenge his conviction from Contra Costa County. Respondent has moved to dismiss on the ground that state court remedies have not been exhausted for one of the claims. Dkt. No. 12. Petitioner has not opposed the motion, and the deadline by which to do so has long passed. For the reasons discussed below, Respondent's motion to dismiss is GRANTED, and Petitioner is required to make an election as to how this action should proceed.

## BACKGROUND

In 2014, Petitioner was convicted by a Contra Costa County jury trial of forcible rape. Dkt. No. 1 ("Pet.") at 1–2. He was sentenced to eight years in prison. *Id.* at 1.

Petitioner appealed his conviction and, on March 28, 2016, the California Court of Appeal affirmed the conviction. Dkt. No. 12, Exh. A. On April 26, 2016, Petitioner filed a petition for review in the California Supreme Court, *id.*, Exh. B, which was denied on June 8, 2016, *id.*, Exh.

---

[1] Petitioner initially named Kim Siebel as the respondent in this action. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, the Clerk of the Court is directed to substitute Charles W. Callahan, the current warden of Chuckawalla State Prison, where Petitioner is incarcerated, in place of the previously named respondent because he is Petitioner's current custodian.

C. Petitioner did not pursue state collateral relief. Pet. at 3. Petitioner filed the instant petition for a writ of habeas corpus on October 5, 2016.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

The instant petition for writ of habeas corpus alleges the following claims for federal habeas relief: (1) juror committed misconduct by speaking to a prosecution witness; (2) the trial court erred in failing to discharge the jury after it twice reported that it was unable to reach a verdict; and (3) trial counsel was ineffective for failing to question Petitioner's sister and for failing to call Petitioner's sister as a witness. Pet. at 5. Petitioner also appears to allege an additional claim that trial counsel was ineffective for failing to request that the trial court excuse the juror that committed misconduct. *Id.*

In the motion to dismiss, Respondent contends that Claim 3 is unexhausted because Petitioner did not present it to the California Supreme Court. Claim 3 is the claim that trial counsel was ineffective for failing to investigate or use Petitioner's sister as a witness. The Court has compared the petition for review filed in the California Supreme Court with the federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. The only claims presented in the petition for review to the California Supreme Court are Claims 1 and 2.[2] Petitioner did not present Claim 3 to the California Supreme Court. Claim 3 therefore is unexhausted. Similarly, to the extent that Petitioner alleges that trial counsel was

---

[2] Specifically, in his petition for review to the California Supreme Court, Petitioner argued that the trial court violated his rights under the Sixth Amendment and the Fourteenth Amendment when the trial court failed to *sua sponte* discharge and replace Juror No. 6 after Juror No. 6 engaged in misconduct that demonstrated that she was incapable of understanding and following the court's instructions, and when the trial court coerced a compromise verdict on Count 1 by forcing the jurors to continue deliberations after they twice advised the court that they were deadlocked. Dkt. No. 12, Exh. B.

ineffective for failing to request that the trial court excuse Juror No. 6 for cause, this claim would also be unexhausted.

The instant federal petition therefore contains both exhausted and unexhausted claims and is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the Court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claim(s) before having this Court consider all his claims. Accordingly, instead of an outright dismissal of the action, this Court will allow Petitioner to choose whether he wants to —

(1) dismiss the unexhausted claim(s) and go forward in this action with only the exhausted claims, or

(2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

(3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim(s) in the California Supreme Court.

Petitioner is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this Court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claims, and to return to this

3

Court. And under option (3), this action stalls: this Court will do nothing further to resolve the case while Petitioner is diligently seeking relief in state court.

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions.[3] The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277–78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly*, 315 F.3d at 1071. If Petitioner moves for a stay, he must show that he satisfies the *Rhines* criteria or he must comply with the *King*/*Kelly* requirements.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss is GRANTED. Dkt. No. 12.

2. No later than **thirty (30)** days from the date of this order, Petitioner must file a

---

[3] There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070–71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141–43.

4

notice informing the Court whether he elects to (1) dismiss the unexhausted claim(s) and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim(s). If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the Order Granting Motion To Dismiss And Requiring Election By Petitioner." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), then no later than **thirty (30)** days from the date of this order, Petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claims in state court before presenting them to this Court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If he wants to file a motion under *King*/*Kelly* to amend his petition (to delete the unexhausted claims) and to stay this action while he exhausts state court remedies for the unexhausted claims, he must do so no later than **thirty (30)** days from the date of this order. If Petitioner does not choose one of the three options or file a motion by the deadline, the Court will dismiss the unexhausted claim(s) and adjudicate the remaining claims.

This order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated: 8/1/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

5