UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS DISMUKE MURRAY, | Case No. 16-cv-05640-HSG |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| ATTORNEY GENERAL XAVIER BECERRA, et al., | |
| Defendants. | |

Petitioner filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction from Contra Costa County.[1] The instant habeas petition alleges the following cognizable claims for federal habeas relief: (1) juror committed misconduct by speaking to a prosecution witness; (2) the trial court erred in failing to discharge the jury after it twice reported that it was unable to reach a verdict; and (3) trial counsel was ineffective for failing to question Petitioner's sister and for failing to call Petitioner's sister as a witness. Dkt. No. 1 ("Pet.") at 5; Dkt. No. 5 at 2; and Dkt. No. 14 at 2. Petitioner also appears to allege an additional claim that trial counsel was ineffective for failing to request that the trial court excuse the juror

---

[1] Petitioner has informed the Court that he is no longer in custody. Dkt. No. 16 at 1. In accordance with Rule 25(d) of the Federal Rules of Civil Procedure and the Advisory Committee Note following Rule 2 of the Rules Governing Habeas Corpus Cases under Section 2254, the Clerk of the Court is directed to substitute California Attorney General Xavier Becerra in place of the previously named respondent. The Advisory Committee Note following Rule 2 recognizes that, in the case of a habeas petitioner not currently in custody, "no one will have custody of the petitioner in the state of the judgment being attacked," and that in such a case the state attorney general would generally be the one to defend against the action, or the state attorney general would be in the best position to inform the court as to who is the proper party respondent. 28 U.S.C. foll. § 2254, Rule 2 Advisory Committee Note, Subdivision (b). If Petitioner is on probation or parole, he may name as respondent his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Id.

that committed misconduct. *Id.* On August 1, 2017, the Court granted Respondent's motion to dismiss, finding that both Claim No. 3 and the additional ineffective assistance of counsel claim were unexhausted. Dkt. No. 14. On August 10, 2017, Petitioner informed the Court that he wishes to dismiss his unexhausted claims and proceed solely with his exhausted claims. Dkt. No. 16 at 1.

The Court therefore orders as follows:

1. Within **sixty (60) days** of the issuance of this order, Respondent shall file with the Court and serve on Petitioner an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the following two claims for federal habeas relief: (1) juror committed misconduct by speaking to a prosecution witness; and (2) the trial court erred in failing to discharge the jury after it twice reported that it was unable to reach a verdict. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

2. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 8/23/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge